UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------- x

THOMAS GESUALDI, LOUIS
BISIGNANO, MICHAEL O'TOOLE,
MICHAEL C. BOURGAL, DARIN
JEFFERS, JOSEPH A. FERRARA, SR.,
FRANK H. FINKEL, MARC HERBST,
DENISE RICHARDSON, and THOMAS F.
CORBETT, as Trustees and Fiduciaries of
the Local 282 Welfare Trust Fund, the Local
282 Pension Trust Fend, the Local 282
Annuity Trust Fund, the Local 282 Job
Training Trust Fund, and the Local 282
Vacation and Sick Leave Trust Fund,

                                  **Plaintiffs,**

                   **-against-**

ADVANCED READY MIX CORP., RAPID
READY MIX SUPPLY CORP., RAPID
TRANSIT MIX CORP., ADVANCED
TRANSIT MIX CORP., ADVANCED
READY MIX SUPPLY CORP., ALL
AMERICAN CONCRETE SUPPLY
CORP., ALL AMERICAN TRANSIT MIX
CORP., ALL AMERICAN READY MIX
SUPPLY CORP, ADVANCED CONCRETE
LEASING CORP., and ROCCO
MANZIONE,

                                  **Defendants.**

-------------------------------------------------------- x

**OPINION & ORDER**

**17-cv-7455 (NG)(RML)**

GERSHON, United States District Judge:

Plaintiffs, the trustees and fiduciaries (the "Trustees") of the Local 282 Welfare, Pension,

Annuity, Job Training, and Vacation and Sick Leave Trust Funds (collectively, the "Funds"), bring

this action under Sections 502 and 515 of the Employee Income Retirement Security Act of 1974

("ERISA"), 29 U.S.C. §§ 1132, 1145, and Section 301 of the Labor Management Relations Act,

29 U.S.C. § 185.  On August 25, 2020, I granted in part and denied in part plaintiffs' motion for

partial summary judgment against defendants Advanced Ready Mix Corp., Rapid Ready Mix Supply Corp., Rapid Transit Mix Corp., Advanced Transit Mix Corp., Advanced Ready Mix Supply Corp., and All American Concrete Supply Corp. *Gesualdi v. Advanced Ready Mix Corp.*, 2020 WL 5704716 (E.D.N.Y. Aug. 25, 2020). Although plaintiffs had simultaneously moved against defendant All American Transit Mix Corp. ("All American"), I did not decide the motion as to that defendant because, on July 29, 2020, while their partial summary judgment motion was pending, plaintiffs filed an involuntary bankruptcy petition against All American, staying any judicial proceeding against it. *See* 11 U.S.C. § 362(a).[1] On January 22, 2021, the bankruptcy court dismissed the involuntary bankruptcy against All American, and the parties subsequently filed supplemental briefs on plaintiffs' partial summary judgment motion against that defendant.

For the reasons stated below, plaintiffs' motion for partial summary judgment against All American is granted in part and denied in part.

## I.    Background

The following facts are undisputed. The Funds are multiemployer employee benefit plans under Sections 3(3) and 3(37) of ERISA, 29 U.S.C. §§ 1002(3) and 1002(37). They are jointly administered by a Board of Trustees and maintained pursuant to Restated Agreements and Declarations of Trust (the "Trust Agreement") for purposes of collecting and receiving contributions from employers and providing benefits to eligible participants.

All American is required, through the NYC Ready-Mix Concrete, Market Recovery Contract with Local 282 (the "CBA"), to make contributions to the Funds on behalf of its employees who are covered by the CBA, at specified rates for each hour of covered employment. Along with the contributions, All American is required to submit remittance reports to the Funds.

---

[1] Plaintiffs have not moved against the three other defendants in this action—All American Ready Mix Supply Corp., Advanced Concrete Leasing Corp. and Rocco Manzione.

The remittance reports provide the company's statement of the employees who performed work covered by the CBA and the number of hours each such employee worked in covered employment. On numerous occasions between June 2017 and August 2020, All American either paid late, underpaid, or failed to pay the contributions it owed based on the remittance reports that it submitted to plaintiffs.

## II.   Discussion

Plaintiffs seek an award against All American of the unpaid contributions,[2] as well as interest and liquidated damages on both the unpaid and late-paid contributions.  In their original motion for partial summary judgment, plaintiff sought an award of $119,547.32 from All American, comprised of $80,496.88 in owed contributions, $14,982.10 in interest, and $24,068.34 in liquidated damages.  These amounts covered contributions reported through April 2019. Subsequently, All American paid $39,846.39 in contributions that were included in these calculations, and plaintiffs have adjusted the amount they seek—and the corresponding interest—accordingly.

Plaintiffs now seek an award of $40,650.49 for the contributions reported through April 2019 that All American has not yet paid.  They also continue to seek $14,982.10 in interest on the contributions that were owed in April 2019 as well as $24,068.34 in liquidated damages related to these contributions.  And they seek an additional $873.36 in interest on the $39,846.39 in contributions that All American has since paid.  Also, for contributions that were paid late between May 2019 and August 2020, plaintiffs request an award of $2,567.62 in interest and $17,407.76 in liquidated damages.  They also seek $128,137.96 in unpaid contributions reported on remittance

---

[2] Although plaintiffs distinguish between unpaid and underpaid contributions, I do not always do so because they both describe unpaid contributions.

reports between May 2019 and August 2020, plus $23,597.23 in interest[3] and $28,843.55 in liquidated damages on those contributions. Finally, the Funds seek to recover attorney's fees and costs if their summary judgment motion is granted.

In its opposition to plaintiffs' original summary judgment motion and in its supplemental opposition, All American does not contest that it has failed to pay the contributions at issue. Nor does defendant dispute that it owes interest on those contributions or the interest rate. In its supplemental opposition, defendant argues that plaintiffs are not entitled to a portion of interest that they now seek because interest should not have accrued during the pendency of the involuntary bankruptcy proceeding. All American also asserts that plaintiffs are not entitled to the amount of liquidated damages that they request because they have miscalculated them. I address each argument below.

A.      **Whether Interest Should Have Accrued During the Involuntary Bankruptcy Proceeding**

In January 2021, the bankruptcy court concluded that plaintiffs' involuntary bankruptcy petition against All American should be dismissed both for cause under 11 U.S.C. § 1112(b) and under the doctrine of voluntary abstention set forth in 11 U.S.C. § 305(a)(1). The court concluded, among other things, that plaintiffs were improperly using their involuntary bankruptcy petition as a debt collection device and that this action before me is the more appropriate forum to resolve the parties' dispute.

All American asserts that, because the bankruptcy court dismissed plaintiffs' proceeding, plaintiffs should not be awarded any interest for the 177 days during which the bankruptcy proceeding was pending. Defendant cites only one case to support its position, *Trs. of Local 813*

---

[3] Interest is calculated through March 15, 2021, the date plaintiffs filed their supplemental papers on this motion.

*I.B.T. Ins. Tr. Fund v. Bay Area Portables, Inc.*, 2006 WL 1313819 (E.D.N.Y. May 9, 2006).

There, after the district judge ordered default judgment in the plaintiffs' favor, the plaintiffs failed

to comply with the magistrate judge's directives to file submissions in support of the damages that

they sought. *Id.* at **1, 4.  And, when, as a result, the magistrate judge recommended that the

district judge deny the plaintiffs' motion for damages and dismiss the case, the plaintiffs missed

the deadline to file objections to that recommendation. *Id.* at **2, 4.  After the plaintiffs finally

filed their submissions, the district judge adopted the magistrate judge's recommendation that they

"should not be awarded interest which accrued during the delay they caused" by their delinquency.

*Id.* at *4.

A similar remedy is not appropriate here.  Unlike in *Bay Area Portables*, where the

plaintiffs flouted direct court orders, plaintiffs here have vigorously pursued their claims against

All American; they should not be penalized for temporarily choosing to do so in the wrong forum.

Moreover, All American has not contested that it owes plaintiffs any of the contributions they seek

as well as the corresponding interest.  Most importantly, defendant could have paid plaintiffs at

any time during this litigation—including while the bankruptcy proceeding was pending—and

thus avoided the accrual of interest.

In short, plaintiffs are entitled to the interest that accrued during the pendency of the

involuntary bankruptcy proceeding.

**B.      Whether Plaintiffs Properly Calculated Liquidated Damages**

Under the Trust Agreement and section 502(g)(2)(c) of ERISA, 29 U.S.C. § 1132(g)(2)(c),

All American is required to pay liquidated damages on unpaid and late-paid contributions in an

amount equal to the greater of (i) the amount of interest owed, or (ii) 20 percent.  Here, where the

interest owed is 18 percent per year, plaintiffs are entitled to liquidated damages in the amount of

20 percent.  They seek a total of $70,319.65 in liquidated damages on defendant's unpaid,

underpaid, and late-paid contributions.  Defendant opposes this request, arguing that plaintiffs'

"calculations vary and are inconsistent with the calculation described in" the Trust Agreement.

Def. Rule 56.1 Statement, ¶¶ 233−35.  It further argues that "Plaintiffs' math is imprecise at best

and [All American is] at a disadvantage because it is difficult to understand how Plaintiffs arrived

at the amount of alleged liquidated damages they are seeking."  Supp. Opp. at 2.

As plaintiffs' correctly point out, All American—which notably did not object to plaintiffs'

identically formatted calculations in the original motion—offers not one example of a calculation

that it believes inexact or inconsistent.  Because defendant has provided no indication of what it

finds problematic about plaintiffs' calculations, its conclusory challenges to plaintiffs' detailed

calculations do not merit the denial of plaintiffs' request for liquidated damages.

### C.     Additional Issues

The parties' briefing on plaintiffs' original motion raised some issues that I will now

address.

First, in its opposition to that motion, defendants argued that plaintiff could not rely on any

liquidated damages provision that allows for a 20 percent award on unpaid, underpaid, and late-

paid contributions because such a provision violates federal common law and is unconscionable.

In my August 25, 2020 decision, I found that ERISA required defendants to pay liquidated

damages "on the underpaid and unpaid contributions at issue . . .  as well as on any contributions

that were paid late after the commencement of this lawsuit—on December 22, 2017." *Gesualdi*,

2020 WL 5704716, at *5.  Because ERISA does not provide for liquidated damages on pre-

litigation late contributions, plaintiffs relied on the liquidated damages provisions in the Trust

Agreement and relevant collective bargaining agreement to collect those.  *Id.*  I further held that

those provisions were void as a penalty under federal common law.  *Id.* at *6.  Therefore, I

concluded that "plaintiffs are entitled to liquidated damages on contributions that [were] owed at

the time this lawsuit was filed on December 22, 2017 and those that it did not pay or paid late after

this lawsuit was filed, but plaintiffs are not entitled to liquidated damages on any contributions that

[were] paid late before December 22, 2017." *Id.*  For the reasons described in that decision, I reach

that same conclusion regarding the liquidated damages plaintiffs seek from All American here. *Id.*

at *5–6.

In their original motion, plaintiffs also sought an order requiring All American to submit

all outstanding remittance reports and corresponding amounts due.  In my decision, I denied

without prejudice this same request against the other defendants. *Gesualdi*, 2020 WL 5704716, at

*6.  Plaintiffs' supplemental motion papers do not address this request for injunctive relief, but

they have not withdrawn it either.  To the extent plaintiffs seek such an order against All American,

it is denied without prejudice for the reasons stated in the prior decision—because plaintiffs have

not explained why they satisfy the requirements for an injunction nor have they submitted proof

that All American has failed to meet its obligation to submit remittance reports. *See id.*

Further, in their original motion, plaintiffs sought an award against All American of

additional interest at the daily rate of $39.70, starting on August 1, 2019.  If plaintiffs continue to

seek additional interest, the amount would have undoubtedly changed (and the calculation should

commence on March 16, 2021).  Yet they do not request an award of a different amount in their

supplemental motion.  If plaintiffs seek such an award, they must notify the court and defendant

as to the amount.

Finally, as they did in the original motion, plaintiffs again request the ability to supplement

this motion to seek the attorney's fees and costs incurred in connection with the motion.  They are

entitled to an award of attorney's fees and costs under section 502(g)(2)(D) of ERISA, the Trust

Agreement, and the CBA.  But, to avoid piecemeal litigation, they shall submit a motion for

attorney's fees and costs in connection with their work on this motion within 30 days of the conclusion of this litigation.

## III. Conclusion

Plaintiffs' motion for partial summary judgment against All American Transit Mix Corp. is granted in part and denied in part. Based on the uncontested amounts submitted by plaintiffs, plaintiffs are entitled to an award against All American of $210,808.76, which consists of $168,788.45 in unpaid contributions and $42,020.31 in interest on both unpaid and late-paid contributions (through March 15, 2021).

Plaintiffs are also awarded 20 percent liquidated damages against All American on all unpaid contributions and those paid late on or after December 22, 2017, but they are not awarded liquidated damages on any contributions that were paid late before December 22, 2017. I therefore will now award them $46,251.31 in liquidated damages on contributions that were paid late or owed starting in May 2019. Regarding the $24,068.34 in liquidated damages that plaintiffs seek for contributions that were owed prior to May 2019, the parties shall, by December 16, 2021, submit a stipulation setting forth which portion of those liquidated damages All American owes consistent with this opinion.

If plaintiffs seek additional interest, they shall alert defendant and the court of the specific amount by December 16, 2021. Defendant shall respond to this request by December 23, 2021.

Plaintiffs' request for an order requiring that All American submit all outstanding remittance reports and corresponding amounts is denied without prejudice.

At the conclusion of this litigation, plaintiffs may move for an award of attorney's fees and

costs in connection with their work on this motion.

**SO ORDERED.**

_____**/S/**_____

**NINA GERSHON**
**United States District Judge**

December 2, 2021
Brooklyn, New York

9