UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------- x

THOMAS GESUALDI, LOUIS
BISIGNANO, MICHAEL O'TOOLE,
MICHAEL C. BOURGAL, DARIN
JEFFERS, JOSEPH A. FERRARA, SR.,
FRANK H. FINKEL, MARC HERBST,
DENISE RICHARDSON, and THOMAS F.
CORBETT, as Trustees and Fiduciaries of
the Local 282 Welfare Trust Fund, the Local
282 Pension Trust Fend, the Local 282
Annuity Trust Fund, the Local 282 Job
Training Trust Fund, and the Local 282
Vacation and Sick Leave Trust Fund,

      Plaintiffs,

  -against-

ADVANCED READY MIX CORP., RAPID
READY MIX SUPPLY CORP., RAPID
TRANSIT MIX CORP., ADVANCED
TRANSIT MIX CORP., ADVANCED
READY MIX SUPPLY CORP., ALL
AMERICAN CONCRETE SUPPLY
CORP., ALL AMERICAN TRANSIT MIX
CORP., ALL AMERICAN READY MIX
SUPPLY CORP, ADVANCED CONCRETE
LEASING CORP., and ROCCO
MANZIONE,

      Defendants.
------------------------------------------------------- x

**OPINION & ORDER**

17-cv-7455 (NG)(RML)

**GERSHON, United States District Judge:**

  Plaintiffs, the trustees and fiduciaries of the Local 282 Welfare, Pension, Annuity, Job Training, and Vacation and Sick Leave Trust Funds, bring this action under Sections 502 and 515 of the Employee Income Retirement Security Act of 1974, 29 U.S.C. §§ 1132, 1145, and Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, against defendants Advanced Ready Mix Corp., Rapid Ready Mix Supply Corp., Rapid Transit Mix Corp., Advanced Transit

Corp., Advanced Ready Mix Supply Corp., All American Concrete Supply Corp., All American Transit Mix Corp. ("All American Transit"), All American Ready Mix Supply Corp., Advanced Concrete Leasing Corp., and Rocco Manzione.

Plaintiffs move for entry of partial final judgment under Federal Rule of Civil Procedure 54(b) against All American Transit for $287,836.60 based upon two orders awarding them that amount in total. Alternatively, they request that I issue an order, under Local Civil Rule 54.2, requiring All American Transit to deposit a bond with the court.

For the reasons stated below, plaintiffs' motion under Rule 54(b) is granted.

## I.    Relevant Procedural History

Plaintiffs previously moved for partial summary judgment against defendants Advanced Ready Mix Corp., Rapid Ready Mix Supply Corp., Rapid Transit Mix Corp., Advanced Transit Mix Corp., Advanced Ready Mix Supply Corp., All American Concrete Supply Corp., and All American Transit. That motion sought an award of damages for defendants' failure to pay contributions that were self-reported on remittance reports. With respect to All American Transit, the remittance reports at issue were from 2017 to 2020.

On August 25, 2020, I granted in part and denied in part plaintiffs' motion as against Advanced Ready Mix Corp., Rapid Ready Mix Supply Corp., Rapid Transit Mix Corp., Advanced Transit Mix Corp., Advanced Ready Mix Supply Corp., and All American Concrete Supply Corp. *Gesualdi v. Advanced Ready Mix Corp.*, 2020 WL 5704716 (E.D.N.Y. Aug. 25, 2020). Although plaintiffs had also moved against All American Transit, I did not decide the motion as to that defendant because, on July 29, 2020, while their partial summary judgment motion was pending, plaintiffs filed an involuntary bankruptcy petition against All American Transit, staying any judicial proceeding against it. *See* 11 U.S.C. § 362(a). On January 22, 2021, the bankruptcy court

dismissed the involuntary bankruptcy petition, and the parties subsequently filed supplemental briefs on plaintiffs' partial summary judgment motion against All American Transit.

On December 2, 2021, I granted in part and denied in part plaintiffs' motion against All American Transit, awarding them $168,788.45 in unpaid contributions, $42,020.31 in interest on unpaid and late-paid contributions, and $46,251.31 in liquidated damages. Dkt. No. 105. On January 7, 2022, I issued an order awarding plaintiffs an additional $7,969.28 in liquidated damages and $22,807.25 in interest. Dkt. No. 108. In total, plaintiffs were awarded $287,836.60 against All American Transit.

Plaintiffs' other claims against All American Transit and the other defendants in this action have yet to be adjudicated, but a briefing schedule for their summary judgment motion on these claims was recently set. The pending open claims against All American Transit concern its alleged liability as an alter ego/single employer of other defendant companies stemming from audits for 2013 to 2016.

In October 2020, defendant Rocco Manzione and his daughter, Catherine Manzione, principals of All American Transit, were indicted in the United States District Court for the Eastern District of New York. Both were charged with 12 counts of Failure to Account and Pay Over Taxes, 26 U.S.C. § 7202, 18 U.S.C. § 2, 18 U.S.C. § 3551 *et seq.*, for failing to collect, truthfully account for, and pay over to the Internal Revenue Service ("IRS") federal income taxes and FICA taxes withheld from the wages of All American Transit's employees. In addition to those charges, Mr. Manzione was charged with one count of Conspiracy to Defraud the United States, 18 U.S.C. § 371, 18 U.S.C. § 3551 *et seq.*; three counts of Subscribing to False and Fraudulent Tax Returns, 26 U.S.C. § 7206(1), 18 U.S.C. § 2, 18 U.S.C. § 3551 *et seq.*; one count of Willful Failure to File a Return, 26 U.S.C. § 7203, 18 U.S.C. § 3551 *et seq.*; two counts of Attempting to Evade or Defeat

Tax, 26 U.S.C. § 7201, 18 U.S.C. § 2, 18 U.S.C. § 3551 *et seq.*; and 20 additional counts of Failure to Account for and Pay Over Taxes, 26 U.S.C. § 7202, 18 U.S.C. § 2, 18 U.S.C. § 3551 *et seq.*

Mr. Manzione pled guilty to one count of Attempting to Evade or Defeat Tax and one count of Failure to Account for and Pay Over Taxes, the latter count relating to his failure to account for and give to the IRS federal income taxes and FICA taxes withheld from the wages of Advanced Transit Mix Corp.'s employees. The Honorable Rachel P. Kovner, district judge, sentenced him on April 26, 2022 to 30 months of imprisonment and two years of supervised release, and she ordered him to pay more than $2.8 million in restitution to the IRS. Ms. Manzione pled guilty to one count of Failure to Account for and Pay Over Taxes with regard to All American Transit. On May 25, 2022, Judge Kovner sentenced her to two years of probation and ordered her to pay over $300,000 in restitution to the IRS.

Plaintiffs currently seek an entry of partial final judgment against All American Transit for the $287,836.60 in remittance report-based delinquencies based upon the orders of December 2, 2021 and January 7, 2022. On June 16, 2022, I held oral argument on their motion. At that time, I raised a concern addressed by neither party in the briefing. I noted that, in the Complaint, plaintiffs sought to hold all defendants jointly and severally liable for all the damages they sought, which presumably included the remittance report-based damages at issue in plaintiffs' motion. I expressed doubt that, under those circumstances, I could enter judgment under Rule 54(b).

At oral argument, plaintiffs' counsel responded that plaintiffs were willing to drop the claims seeking relief from other parties with regard to the remittance report-based delinquencies. Counsel subsequently submitted a letter confirming, if I grant their Rule 54(b) motion, that the damages at issue "will not be sought from any other party in this action" and that, as a result, plaintiffs' motion concerns "a distinct claim." Dkt. No. 118, at 1−2. In their response, defendants

do not contest that plaintiffs' claim against All American Transit is distinct, and instead merely reiterate the arguments in their original opposition brief, which arguments are addressed below.[1]

## II.	Rule 54(b) Standard

Rule 54(b) provides:

> When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b). The Rule thus establishes three requirements:

> (1) there are multiple claims or parties, (2) at least one claim or the rights and liabilities of at least one party has been finally determined, and (3) the court makes an express determination that there is no just reason for delay of entry of final judgment as to fewer than all of the claims or parties involved in the action.

*Linde v. Arab Bank, PLC*, 882 F.3d 314, 322−23 (2d Cir. 2018) (internal quotation marks and brackets omitted).

"Rule 54(b) provides an exception to the general principle that a final judgment is proper only after the rights and liabilities of all the parties to the action have been adjudicated." *Hogan v. Consol. Rail Corp.*, 961 F.2d 1021, 1024−25 (2d Cir. 1992). "The determination of whether to grant Rule 54(b) certification is committed to the discretion of the district court." *Id.* at 1025. While "sound judicial administration does not require that Rule 54(b) requests be granted routinely," the "task of weighing and balancing the contending factors is peculiarly one for the

---

[1] Although plaintiffs' motion is only against All American Transit, all defendants joined in opposition.

trial judge, who can explore all the facets of the case." *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 10, 12. (1980).

### III.   Analysis

There is no doubt, and defendants do not dispute, that Rule 54(b)'s first requirement—that there are multiple claims or parties—has been met here.

Defendants also do not dispute that the rule's second requirement—that the claims at issue have been finally determined—has been satisfied. But, as described above, the terms of the Complaint cast doubt on plaintiffs' ability to satisfy this requirement, because it seeks to hold all defendants jointly and severally liable for all the damages they are pursuing. Plaintiffs, however, have agreed to withdraw their claim of joint and several liability as to the damages at issue in this motion if I grant their Rule 54(b) motion. Thus, if I grant the motion, my orders on plaintiffs' claims against All American Transit concerning remittance-report delinquencies will "end[] the litigation [on those claims] on the merits and leave[] nothing for the court to do but execute the judgment" entered on the claims. *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 467 (1978). Accordingly, Rule 54(b)'s second requirement is met. *Cap. Distribution Servs., Ltd. v. Ducor Exp. Airlines, Inc.*, 462 F. Supp. 2d 354, 357–58 (E.D.N.Y. 2006).

The parties' briefing focuses on Rule 54(b)'s third requirement, that "there is no just reason for delay" in entering a final judgment. I conclude that this requirement has been satisfied. While All American Transit contested certain issues on summary judgment, it did not dispute that it failed to pay all the contributions at issue or that it owed interest on those contributions. Nonetheless, years after many of those contributions were due and seven months after I issued my orders against it, All American Transit still has not paid plaintiffs. An entry of judgment under Rule 54(b) will allow plaintiffs to attempt to collect the money that they are owed without having to wait for the

rest of this case to be resolved. Critically, should either party appeal the judgment, "no appellate court will have to decide the same issues more than once even if there were subsequent appeals." *Cap. Distribution Servs., Ltd. v. Ducor Exp. Airlines, Inc.*, 462 F. Supp. 2d at 358 (citing *Curtiss-Wright Corp.*, 446 U.S. at 8).

Moreover, while plaintiffs' counsel has surmised that All American Transit is the only solvent defendant in this action, that solvency may be precarious. As plaintiffs' counsel asserted at oral argument, the criminal convictions of Rocco Manzione and Catherine Manzione, principals of All American Transit, could impede the company's financial solvency, both because the Manziones must pay substantial sums of restitution and because their convictions threaten All American Transit's ability to get work. Because further delay in this matter may jeopardize plaintiffs' ability to collect sums owed, there is no just reason to delay entering a final judgment against All American Transit here. *See Curtiss-Wright Corp.*, 446 U.S. at 12; *Advanced Magnetics, Inc. v. Bayfront Partners, Inc.*, 106 F.3d 11, 16 (2d Cir. 1997); *Mitchell v. Lyons Pro. Servs., Inc.*, 727 F. Supp. 2d 116, 120 (E.D.N.Y. 2010).

None of defendants' arguments opposing plaintiffs' motion is persuasive. Defendants' assertion that this motion is an effort to avoid a trial or to seek additional discovery on plaintiffs' other claims rings hollow. Plaintiffs have actively and aggressively litigated this case from its inception; it has been defendants who have sought delay as a result of the bankruptcy and criminal proceedings. Indeed, after defendants filed their opposition to this motion, plaintiffs sought a pre-motion conference regarding their anticipated summary judgment motion, which would, if granted, conclude this action. Discovery on all of plaintiffs' claims is, therefore, closed.

Defendants assert that plaintiffs' post-judgment collection efforts may include "information subpoenas and additional depositions," awarding plaintiffs "a second bite at the apple

7

with respect to discovery while this litigation is pending." Opp. at 3. If plaintiffs show that they are entitled to post-judgment discovery, they shall be permitted to receive it—on any issues that are relevant. Contrary to defendants' claims, it is unlikely that discovery on All American Transit's current financial status would bear on the merits of plaintiffs' pending open claims, which concern activites in 2013 to 2016 and which are the subject of plaintiffs' forthcoming summary judgment motion. In any event, such discovery does not constitute a second bite at the apple, but would be based upon plaintiffs' post-judgment needs.

Finally, defendants complain that they will incur additional attorneys' fees as a result of plaintiffs' Rule 54(b) motion. But those fees could have been avoided if All American Transit had simply paid plaintiffs the money it owes.

In sum, Rule 54(b)'s three requirements are met, and plaintiffs' motion for entry of partial judgment against All American Transit is granted.

## IV. Conclusion

Plaintiffs' motion pursuant to Rule 54(b) is GRANTED. The Clerk of Court is ordered to enter partial final judgment against All American Transit in the amount of $287,836.60.

Insofar as plaintiffs' complaint seeks to hold other defendants liable for All American Transit's remittance report-based delinquencies, those claims are DISMISSED.

                                              **SO ORDERED.**

                                              _/S/_

                                              **NINA GERSHON**
                                              **United States District Judge**

July 18, 2022
Brooklyn, New York